UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Juan Pablo Romero Cardona (A-Number: 220-209-447),<br><br>Petitioner,<br><br>v.<br><br>Warden, California City Detention,<br><br>Respondent. | No. 1:26-cv-05426-KES-EGC (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING BOND HEARING WITHIN SEVEN (7) DAYS<br><br>Doc. 1 |

Petitioner Juan Pablo Romero Cardona is an immigration detainee proceeding pro se with a petition for writ of habeas corpus. Doc. 1. The Court construed the petition as challenging the statutory authority for petitioner's detention and ordered respondent to show cause why the petition should not be granted. Doc. 6.[1]

The Court has found that, when a noncitizen has previously been released pursuant to 8 U.S.C. § 1226(a) and is subsequently re-detained pursuant to 8 U.S.C. § 1225(b)(2)(A), the Due Process Clause requires a bond hearing where the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. *See, e.g.*, *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov.

[1] While respondent argues that petitioner is subject to the mandatory pre-order detention statute, 8 U.S.C. § 1225(b), he acknowledges that the Ninth Circuit rejected that argument in *Rodriguez Vazquez v. Bostock*, --- F.4th ---, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026), and held that 8 U.S.C. § 1226(a) applies to noncitizens in petitioner's circumstances. Doc. 9 at 1.

19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).

The petition for writ of habeas corpus is GRANTED. Respondent is ORDERED to provide petitioner Juan Pablo Romero Cardona (A-Number: 220-209-447) with a bond hearing before a neutral decisionmaker within seven (7) days of the date of this Order. Respondent shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' written notice before the bond hearing in a language that he can understand. At that bond hearing, it is respondent's burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence. Petitioner may be represented by an attorney at this hearing, and respondent may extend the deadline at petitioner's request so that he can obtain an attorney. If petitioner obtains an attorney, his attorney shall also be given 72 hours' written notice before the bond hearing. The neutral decisionmaker must consider petitioner's financial circumstances in setting the amount of bond and alternative conditions of release in lieu of detention without bond. If respondent does not provide petitioner with a bond hearing within seven days, then respondent must release him.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve California City Detention with a copy of this Order.

IT IS SO ORDERED.

Dated: August 20, 2026

UNITED STATES DISTRICT JUDGE